UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY C. G.,

                          Plaintiff,

v.                                                    5:22-CV-1048
                                                         (ML)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                        OF COUNSEL:

COLLINS & HASSELER LAW, PLLC        LAWRENCE D. HASSELER, ESQ.
  *Attorneys for Plaintiff*
225 State Street
Carthage, New York 13619

U.S. SOCIAL SECURITY ADMIN.          JASON P. PECK, ESQ.
  *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

**MIROSLAV LOVRIC**, United States Magistrate Judge


## MEMORANDUM-DECISION AND ORDER

Plaintiff Jeremy C. G. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g)

seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant"

or "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI").  (Dkt. No. 1.)  This matter was referred to me, with the

consent of the parties, to conduct all proceedings and enter final judgment, pursuant to the Social

Security Pilot Program, and in accordance with the provisions of N.D.N.Y. General Order No.

18, 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and N.D.N.Y. Local Rule 73.1.  (Dkt. Nos. 3, 7.)

Presently before the court is Defendant's motion to dismiss, based on the expiration of the statute

of limitations.  (Dkt. No. 10.)  Plaintiff filed a response in opposition to Defendant's motion.

(Dkt. No. 11.)

## I.  <u>STANDARD OF REVIEW</u>

Defendant's pre-answer motion to dismiss consists of a Memorandum of Law and a

supporting declaration.  (Dkt. No. 10.)  Neither document identifies the precise rule or statute

that governs the requested dismissal, and Defendant's motion papers do not comply with the

local rule requiring a notice of motion setting forth the basis for the requested relief.  *See Porco*

*v. Saul*, 20-CV-0837, 2021 WL 1131259, at *3 (N.D.N.Y. Feb. 22, 2021) (Dancks, M.J.)

(considering Commissioner's motion despite violation of local rule requiring notice of motion);

N.Y.N.D. L.R. 7.1(b) (requiring that a moving party specify "the rule or statute upon which it

bases its motion" and requiring all dispositive motions include a notice of motion specifying "the

relief demanded and the grounds therefor.").  Nevertheless, consistent with well-recognized

practice, this Court will treat Defendant's motion as one made pursuant to Fed. R. Civ. P.

12(b)(6), because the statute of limitations in a social security action is an affirmative defense

rather than a jurisdictional issue.  *See Latoya A. v. Comm'r of Soc. Sec.,* 19-CV-0580, 2019 WL

6609674, at *1 n.3 (N.D.N.Y. Dec. 5, 2019) (Baxter, M.J.); *Borrero v. Colvin,* 14-CV-5304,

2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (citation omitted); *Carmichael v. Astrue*, 12-

CV-6547T, 2013 WL 956779, at *1 n.1 (W.D.N.Y. Mar. 12, 2013);  *Goff v. Apfel*, 99-CV-8062,

2004 WL 1243148, at *5 (E.D.N.Y. Mar. 30, 2004).

When considering motions to dismiss, the court "construes the complaint liberally,

'accepting all factual allegations in the complaint . . . and drawing all reasonable inferences in

the plaintiff's favor.'" *Bender v. Astrue*, 09-CV-5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002)).  A court is not required, however, to accept "conclusory statements" made by the plaintiff as true, nor do "legal conclusion[s] couched as factual allegation[s]" merit such deference. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because this is a pre-answer motion to dismiss, there is no administrative transcript containing the government's documents related to the procedural history in this case.  However, Defendant has submitted the declaration of Lesha Cowell, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration dated November 10, 2022. (Dkt. No. 10, Attach. 1.)  Ms. Cowell's declaration attached government records related to the lengthy administrative history of Plaintiff's claims to her declaration.  (*Id*.)  In response to this motion, Plaintiff has provided relevant documents highlighting his attempts to pursue his claims, including attorney billing records.  In evaluating the timeliness of this action, this Court will consider the Complaint and the documents submitted by the parties which are matters of public record or which are integral to the Complaint, consistent with "the well-settled law of this Circuit."  *See Bender*, 2010 WL 3394264, at *3, n. 1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)); *Latoya A*., 2019 WL 6609674, at *1 n.3.

## II.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on January 21, 2009.  (Dkt. No. 1 at 6.)  Following an unfavorable determination by an Administrative Law Judge ("ALJ") and the Appeals Council's denial of Plaintiff's request for review, Plaintiff filed a civil action in the Northern District of New York in November 2011.  (Dkt. No. 10-1 at 5.)  By stipulation of the

parties, the matter was remanded for further administrative proceedings.  (*Id.*)  Plaintiff's claims

were again denied by the ALJ in April 2013, and the Appeals Council declined to exercise

jurisdiction.  (Dkt. No. 10, Attach. 1 at 37, 60.)  Plaintiff commenced another action in the

Northern District of New York.  (Dkt. No. 10, Attach. 1 at 67.)  On August 31, 2015, Plaintiff's

claim was judicially remanded for further administrative proceedings, and the matter was

assigned to a new ALJ.  (*Id.*)

      The new ALJ held additional hearings on Plaintiff's claims and denied his applications

for benefits on August 26, 2016.  (Dkt. No. 10, Attach. 1 at 75.)  On September 13, 2016,

Plaintiff requested review by the Appeals Council.  (Dkt. No. 10, Attach. 1 at 101.)  The Appeals

Council declined to exercise jurisdiction in a notice dated December 9, 2016.  (Dkt. No. 10,

Attach. 1 at 103.)  The notice was addressed to Plaintiff's legal counsel, with a copy directed to

Plaintiff.  (*Id*.)

      The Appeals Council's notice includes standard language advising Plaintiff of the sixty

(60) day deadline for filing a federal court action in order to challenge the final decision of the

Commissioner under 42 U.S.C. § 405(g).  (Dkt. No. 10, Attach. 1, at 105.)  The notice further

stated that the agency "assumed" that the plaintiff received the letter five days after the date on

the front of the notice unless plaintiff showed the Commissioner otherwise.  (*Id.*)  It also

provided a process for Plaintiff to request an extension of his time to file a federal court action if

good reason existed for the delay.  (*Id.*)

      Plaintiff filed this federal court action on October 10, 2022, asserting that "[t]hrough

information and belief, the Appeals Council has not rendered a decision . . . but no further

information has been received by the Plaintiff or his undersigned attorney representative." (Dkt.

No. 1 at 1-2.)

III.   **TIMELINESS OF FILING**

A.    **Legal Standards**

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within sixty days of the mailing of the Notice of Decision.  42 U.S.C. § 405(g).  The regulations provide that the sixty day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date listed on the Appeal Council notice.  20 C.F.R. § 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).  The sixty day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity.  *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint.  *Johnson v. Astrue*, 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (citing *Plaintiff v. Commissioner of Soc. Sec*., 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)).

 Notwithstanding the strict application of the statute of limitations, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that 'he has been pursuing his rights diligently;' and that 'some extraordinary circumstance stood in his way.'"  *Reape v. Colvin*, 12-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (Suddaby, J.) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation omitted)).  It is the plaintiff's burden to show that equitable tolling is justified.  *Reape*, 2015 WL 275865, at *3 (citing *Liranzo v. Astrue*, 07-CV-5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 F. App'x 390 (2d. Cir. 2011)); *see also Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  The

5

application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). Although labeled rare, "[e]quitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area." *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (citation omitted). Nonetheless, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 185.

Plaintiff must "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'" *McPherson v. Comm'r of Soc. Sec.*, 17-CV-3250, 2019 WL 2477795, at *3 (E.D.N.Y. June 12, 2019) (citing *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010); quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

### B.    Application

#### 1.    Rebuttable Presumption of Receipt

It is uncontested that the relevant Appeals Council notice is dated December 9, 2016, so Plaintiff would ordinarily be presumed to have received notice no later than December 14, 2016. (Dkt. No. 10, Attach. 1 at 103.)  Therefore, any action seeking district court review filed after February 13, 2017, should be deemed untimely.[1]  This action was filed on October 10, 2022, five

---

[1] The sixty day statute of limitations formally expired on Sunday, February 12, 2017. Fed. R. Civ. P. 6(a)(1)(C) provides that "in computing any time period specified in these rules" if the last day of a time period stated in days "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, the last day for Plaintiff to timely file his Complaint would be Monday, February 13, 2017.

years, seven months, and twenty-seven days past the deadline for timely filing.  (Dkt. No. 1.)
Given the late filing, Plaintiff's lawsuit is time-barred unless he makes a "reasonable showing"
rebutting the presumption of timely receipt.  *See Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir.
2000); *Liranzo*, 2010 WL 626791, at *1; 20 C.F.R. § 422.210(c).

Plaintiff contends that his Complaint should be considered timely because neither he nor
his attorney received any notice before commencing this action, and only learned of the Appeals
Council decision dated December 9, 2016, in the course of this litigation. (Dkt. No. 11, Attach. 1
at 2).  An unsubstantiated assertion of non-receipt, whether by the claimant or his attorney, is
"insufficient to rebut the presumption of receipt of the letter within five days of its date."
*Liranzo*, 2010 WL 626791, at 2; *see also Sherwood v. Berryhill*, 17-CV-5015, 2018 WL
4473336, at * (S.D.N.Y. Sept. 18, 2018) (collecting cases rejecting unsubstantiated allegations
by claimant or attorney that notice was never received).

Plaintiff attempts to bolster his assertion by arguing that the Appeals Council notice was
improperly addressed to him at "1730 Huntington Street," a property owned by Plaintiff's
mother "at which he periodically resided."  (Dkt. No. 9 at 3; Dkt. No. 11, Attach. 1 at 2.)  He
asserts that notice should have been sent to "1728 Huntington Street," an adjacent property
where Plaintiff was actually living at the time.  (*Id*.)  Plaintiff's assertion—that the address on the
Appeals Council notice is reasonable proof of non-receipt—is not supported by the record before
this Court.  In support of her motion, Defendant has provided the Declaration of Lesha Cowell,
whose job responsibilities include processing benefits claims when a civil action has been filed
in New York.  (Dkt. No. 10, Attach. 1 at 1.)  Ms. Cowell provided a number of records
associated with Plaintiff's claim.  The records provided by Ms. Cowell include a single notice,
dated August 24, 2010, addressed to Plaintiff at 1728 Huntington Street.  (Dkt No. 10, Attach. 1

at 8.)  Later notices from November 2011, September 2012, and April 2013 are addressed to

Plaintiff at inpatient treatment facilities located in Syracuse and Oneida.  (Dkt. No. 10, Attach. 1

at 26, 33, 37.)  The most recent administrative notices dated September 13, 2014, November 10,

2015, and August 26, 2016, were all addressed to Plaintiff at 1730 Huntington Street, which

includes notices that prompted Plaintiff to file administrative or judicial appeals.  (Dkt. No. 10,

Attach. 1 at 60, 71, 74-75.)

The available record thus suggests that Plaintiff was able to alert the Commissioner to

changes in his address when needed and had regularly received mail related to his claims at 1730

Huntington Street.  The Court also takes notice of the fact that Plaintiff's address is listed as

1730 Huntington Street on attorney billing records provided in opposition to this motion.  (Dkt.

No. 11, Attach. 2 at 5.)  Therefore, Plaintiff has not rebutted the presumption of receipt.

Although Plaintiff's counsel likewise denied receipt of the notice from the Appeals

Council dated December 9, 2016, his declaration only summarized his tenure as Plaintiff's

attorney.  (Dkt. No. 11, Attach. 2.)  It did not provide any evidence that would rebut the

presumption of receipt.  *C.f., Mack v. Comm'r of Soc. Sec*., 18-CV-0974, 2019 WL 2422866, at

*3 (W.D.N.Y. June 10, 2019) (finding claimant made reasonable showing to rebut presumption

of receipt with declarations from law office manager and mail clerk detailing internal office

policies regarding mail intake and processing).  Indeed, counsel's declaration and the attached

billing records do not indicate any attempt to contact the Appeals Council regarding the status of

Plaintiff's claim between the September 2016 request for review and the October 2022

commencement of this action.  (Dkt. No. 11, Attach. 2 at 5-8.)

8

2.      **Equitable Tolling**

This court's inquiry does not end there, as the court must review whether this is the "rare" case where an extraordinary circumstance stood in the way of timely filing, making equitable tolling appropriate.

After filing his benefit claims in January 2009, Plaintiff pursued them throughout a lengthy adjudicative process that included separate remands by the Appeals Council and the Northern District of New York.  Plaintiff argues that he continued to diligently pursue his rights despite the nearly six year gap between the most recent Appeals Council denial and his commencement of this action, by contacting his attorney several times regarding the status of his case.  He supports this claim with attorney billing records showing his own phone inquiries to counsel in March 2017 and November 2017 and a phone inquiry from Plaintiff's father in July 2019.  (Dkt. No. 11, Attach. 2 at 5.)  He contends that he would not have made such inquiries if he knew that the Appeals Council had already issued a decision.  During this period, Plaintiff also filed a new claim for benefits, that is the subject of a separate judicial proceeding.

Even if this court recognizes Plaintiff's diligent pursuit of his claim, Plaintiff has not shown an "extraordinary circumstance" to justify the invocation of equitable tolling.  There is no allegation of misconduct or false representation by the government or counsel.  *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (applying equitable tolling where government misled applicants regarding rights to appeal); *Torres v. Barnhart*, 417 F.3d 276, 278 (2d Cir. 2005) (applying equitable tolling where attorney falsely advised claimant he would commence proceeding on his behalf).  There is no evidence that Plaintiff's impairments prevented him from pursuing his claim, and Plaintiff has demonstrated an understanding of his obligations during the administrative process.  *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (applying

9

equitable tolling where claimant's mental impairments prevented her from understanding available appeals process).  The facts before this Court do not describe extraordinary circumstances comparable to other cases in this Circuit where equitable tolling was applied.  *See, e.g.*, *Latoya A. o/b/o N.C.*, 19-CV-0581, 2020 WL 1157451 (N.D.N.Y. March 10, 2020) (Stewart, M.J.) (applying equitable tolling where plaintiff was defending against eviction proceedings and seeking alternate housing when statute of limitations expired); *F.B. by Galbato v. Berryhill*, 15-CV-0148, 2018 WL 5777768, at *4 (N.D.N.Y. Nov. 2, 2018) (Sannes, J.) (allowing equitable tolling where minor plaintiff's mother pursued her claim while suffering from a brain tumor and moving child out of uninhabitable apartment); *Correa v. Bowen*, 682 F. Supp. 755, 757 (S.D.N.Y. 1988) (applying equitable tolling where Commissioner had sent previous notices in Spanish, and claimant diligently searched for a translator after receiving denial letter in English).  Thus, Plaintiff has not met his burden of demonstrating that equitable tolling is justified.

Based on the analysis above, this Court is constrained to dismiss this action as untimely pursuant to Fed. R. Civ. P. 12(b)(6), because it was commenced more than five years after the statute of limitations expired.  The decision to dismiss this proceeding shall have no impact on Plaintiff's separately filed proceeding, *Jeremy G. v. Saul*, No. 5:22-CV-1147 (TJM/ML), that was remanded by Senior District Court Judge Thomas J. McAvoy upon stipulation of the parties on April 27, 2023.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED,** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   July 11, 2023

Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

11